1

2

3

4          **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7  UNITED STATES OF AMERICA,                    )
                                                )
8                              Plaintiff,        )        Case No. 2:06-cr-00065-PMP-PAL
                                                )
9  vs.                                          )            **ORDER**
                                                )
10 RICHARD CHASE,                               )          (M/Strike- #36)
                                                )        (M/FRE Rule 404(b) Notice - #37)
11                             Defendant.        )
                                                )
   _____      )

12

13        This matter is before the Court on Defendant Richard Chase's Motion to Strike Surplusage from

14 Superseding Indictment (#36), filed October 5, 2006.  The government filed a Response (#40) on

15 October 12, 2006.  Also before the court is the defendant's Motion for FRE Rule 404(b) Notice of

16 Government's Intent to Use Other Acts, Crimes, Wrongs Evidence at Trial (#37), filed on October 5,

17 2006.  The government filed a Response (#41) on October 12, 2006.  The motion for FRE 404(B)

18 Notice largely incorporates the arguments raised in the motion to strike and will therefore be considered

19 together.

20                              **BACKGROUND**

21        The defendant, Richard Chase ("Chase"), is charged in a criminal indictment returned

22 February 22, 2006, with receipt of child pornography in violation of 18 U.S.C. § 2252(A)(a)(2) and

23 possession of child pornography in violation of 18 U.S.C. § 2252(A)(a)(5)(B).  The indictment also

24 contains forfeiture allegations.  A superseding indictment returned August 30, 2006, added a reference

25 within each count to Chase's prior conviction in California state court for a lewd act upon a child in

26 violation of California Penal Code § 288(a).

27        In the present motions before the court, Chase objects to the government's inclusion of

28 references to his prior conviction under § 288(a) under two theories.  First, he argues that the references

1   are surplusage which will prejudice the jury in violation of his due process rights and therefore must be

2   stricken from the superseding indictment pursuant to Federal Rule of Criminal Procedure 7(d).  Second,

3   he contends that the references fall under Federal Rule of Evidence 404(b), which requires the

4   prosecutor to provide pretrial notice of intent to use the references at trial.  Chase argues that reference

5   to his prior conviction for a lewd act upon a child is not an element under either § 2252(A)(a)(2) or

6   § 2252(A)(a)(5)(B), and therefore is unnecessary to the indictment.  He also contends that the

7   references to his prior conviction will prejudice him by causing the jury to make assumptions about his

8   character, weaken the presumption of innocence, and deny his due process rights at trial.  He seeks an

9   order striking references to his prior conviction as surplusage. Additionally, he argues that this prior

10  conviction falls under the category of other crimes, wrongs, or acts for which Rule 404(b) requires the

11  prosecutor's pretrial notice of intent to use at trial.  He seeks an order "directing the Government to

12  provide NOTICE of all FRE 404(b) evidence which the Government intends to introduce at trial."

13  (Mot. for Notice at 5.) (emphasis in original).

14       The government responds that "it is well-known within this District" that the government

15  "routinely" includes references to a defendant's prior conviction in this type of indictment to put the

16  defendant on notice of the increased statutory maximum.  (Resp. to Mot. to Strike at 1:20-23.)  The

17  government also indicates that it is also "well-known within this District" that evidence of a prior

18  conviction is not submitted to the jury during trial, citing the Supreme Court's decisions in U.S. v.

19  Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  (Id. at 1:23-2:3.)  The

20  government responds to Chase's request for a notice under Rule 404(b) that it is "well aware" of the

21  rule and its requirements, and that it will timely comply with the rule should it intend to submit such

22  evidence.  (Resp. to Mot. for Notice at 1:18-20.)

23                                **DISCUSSION**

24  **I.      Surplusage**

25       Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court

26  may strike surplusage from the indictment or information."  Surplusage has been defined as: "Any

27  allegation without which the pleading would remain adequate in law" Brady v. U.S., 24 F.2d 397, 399

28  (1928).  "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory

1    allegations that are neither relevant nor material to the charges." U.S. v. Ramirez, 710 F.2d 535, 544-

2    45 (9th Cir. 1983).  For example, the Fourth Circuit found that the district court improperly refused to

3    strike a reference to the nature of a defendant's prior felony conviction when the defendant was charged

4    with felon in possession of a firearm.  U.S. v. Poore, 594 F.2d 39, 43 (4th Cir. 1979) (cited with

5    approval in Ramirez, 710 F.2d at 545).  The court found that reference to the defendant's prior

6    conviction for carrying a handgun would prejudice the jury when the defendant had already stipulated to

7    the fact of his prior conviction for a felony without reference to the nature of the felony.  Id.  By

8    contrast, in U.S. v. Terringno, 838 F.2d 371, 373 (9th Cir. 1988), the Ninth Circuit held that the

9    inclusion in the indictment of the factual circumstances surrounding the defendant's scheme to

10    embezzle federal funds might have been "somewhat prejudicial," but was also "relevant and material to

11    the charge of embezzlement" because the government needed that factual information to prove the

12    intent element of the crime.  Denial of a motion to strike surplusage is reviewed for abuse of discretion.

13    Id. at 373 (citing Poore, 594 F.2d at 41).

14        Chase is charged with one count of violating § 2252(A)(a)(2) and one count of violating

15    § 2252(A)(a)(5)(B), neither of which statutes contain an element that the perpetrator must have been

16    convicted of any other offense.[1]  Therefore, reference to Chase's prior conviction for violation of

17    _____

18    [1]Section 2252(A)(a)(2) applies to any person who:

19        (2) knowingly receives or distributes -

20
21        (A) any child pornography that has been mailed, or shipped or transported in
        interstate or foreign commerce by any means, including by computer; or
22        (B) any material that contains child pornography that has been mailed, or shipped
        or transported in interstate or foreign commerce by any means, including by
23        computer . . .

24    Section 2252A(a)(5)(B) applies to any person who:

25
26        (B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk,
        or any other material that contains an image of child pornography that has been mailed, or
27        shipped or transported in interstate or foreign commerce by any means, including by
        computer, or that was produced using materials that have been mailed, or shipped or
28        transported in interstate or foreign commerce by any means, including by computer . . .

1  § 288(a) is unnecessary to the superseding indictment as it is not an element of the crimes charged in

2  either count, nor material or relevant to factual circumstances underlying the charge.  The references to

3  Chase's prior conviction for a sex offense are highly prejudicial, especially given the nature of the

4  offenses with which he is charged.

5        The government responded that it "routinely" includes prior convictions within this type of

6  indictment to make the defendant aware of the maximum possible sentence, and indicates that it is

7  aware that such information should not be submitted to the jury, citing the Supreme Court's decisions

8  in Apprendi and Booker.  In Apprendi, the court announced that "[o]ther than *the fact of a prior*

9  *conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

10  must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490 (emphasis

11  added).  Booker applied this rule on so-called "sentence enhancements" to the Federal Sentencing

12  Guidelines.  543 U.S. at 243-44.  Neither decision supports the government's argument the prior

13  conviction is appropriately included in the superseding indictment.  The superseding indictment is

14  adequate in law without reference to the prejudicial and inflammatory allegations that Chase was

15  previously convicted of a lewd act upon a minor.  The court therefore finds the references to this

16  conviction should be stricken as prejudicial surplusage.

17  **II.       Rule 404(b) Notice Request**

18        Federal Rule of Evidence 404(b) provides that:

19              Evidence of other crimes, wrongs, or acts is not admissible to prove the

20              character of a person in order to show action in conformity therewith. It

21              may, however, be admissible for other purposes, such as proof of motive,

22              opportunity, intent, preparation, plan, knowledge, identity, or absence of

23              mistake or accident, provided that upon request by the accused, the

24              prosecution in a criminal case shall provide reasonable notice in advance

25              of trial, or during trial if the court excuses pretrial notice on good cause

26              shown, of the general nature of any such evidence it intends to introduce

27              at trial.

28  / / /

1   The Advisory Committee Notes to the 1991 Amendments that added the notice requirement to Rule

2   404(b) indicate that: "Other than requiring pretrial notice, no specific time limits are stated in

3   recognition that what constitutes a reasonable request or disclosure will depend largely on the

4   circumstances of each case."

5          Chase's motion seeks an order compelling the government elect whether it plans to introduce

6   evidence of Chase's prior conviction at trial, and if so, to provide notice of its intent.  The government

7   responds that it is aware of the rule, and should it make such an election, it will provide the defendant

8   with timely notice pursuant to the rule.  The parties entered into a Joint Discovery Statement (#9) which

9   obligates the government to provide the court and counsel for Chase sufficient notice prior to trial to

10  allow for an admissibility hearing outside the presence of the jury under Rule 104 of the Federal Rules

11  of Evidence.  Furthermore, Local Criminal Rule 16-1(c) provides that "[b]efore filing any motion for

12  discovery, the moving party shall confer with opposing counsel in a good faith effort to resolve the

13  discovery dispute."  In addition, any motion for discovery must include a statement indicating that after

14  personal consultation with opposing counsel, the parties were unable to resolve their dispute.  Id.  No

15  such statement of counsel was attached to Chase's motion.

16         Accordingly,

17      **IT IS ORDERED**

18              (1)      Defendant Richard Chase's Motion to Strike Surplusage from Superseding

19                       Indictment (#36) is GRANTED.  References to Chase's prior conviction for in

20                       California state court for a lewd act upon a child in violation of California Penal

21                       Code § 288(a) shall be STRICKEN from the Superseding Indictment (#28).

22              (2)      Defendant's Motion for FRE Rule 404(b) Notice of Government's Intent to Use

23                       Other Acts, Crimes, Wrongs Evidence at Trial (#37) is DENIED.

24      Dated this 12th day of December, 2006.

25

26                                              _____
                                                PEGGY A. LEEN
27                                              UNITED STATES MAGISTRATE JUDGE

28

5